UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANNETTE MITCHELL on behalf of herself and others similarly situated,** ) | CASE NO. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| vs. ) | |
| ) | |
| **ACCORD HOME SERVICES, LLC** ) | |
| ) | **CLASS AND COLLECTIVE ACTION** |
| and ) | **COMPLAINT** |
| ) | |
| **ROBERT CARR,** ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

Plaintiff Annette Mitchell by and through the undersigned counsel, for her Class and Collective Action Complaint against Defendants Accord Home Services, LLC ("Accord") and Robert Carr ("Carr") (Accord and Carr together, "Defendants"), states and alleges the following:

### INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. "Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case

pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is a citizen of the United States. At all relevant times, Plaintiff worked as a caregiver in people's homes as an employee of Defendants.

8. Plaintiff performed personal care services including bathing, cooking, cleaning, dish washing and other such activities that were customary and usual at each and every home she worked at.

9. These activities took up the better part of her day, on a daily basis.

10. Defendants' principal place of business is located at 400 Niles-Cortland Road, SE, Suite C, Warren, OH 44484.

## FACTUAL ALLEGATIONS
### Defendants' Status as an "Employer"

11. At all times relevant, Accord was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

12. At all times relevant, Carr was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

13. During all times material to this Complaint, Carr had significant ownership interest in Accord.

14. During all times material to this Complaint, Carr had significant operational control of all or at least significant aspects of the day-to-day operations of Accord.

15. During all times material to this Complaint, Carr personally made decisions regarding significant aspects of the day-to-day functions of Accord.

16. During all times material to this Complaint, Carr, in addition to Accord, had the authority to hire and fire employees, including Plaintiff.

17. During all times material to this Complaint, Carr, in addition to Defendant Accord, was responsible for maintaining employment records.

18. During all times material to this Complaint, Carr, in addition to Accord, determined the rate and method of Plaintiff's wages.

19. During all times material to this Complaint, Accord functioned largely for the profit of Defendant Accord/

20. Defendants' non-exempt employees included Plaintiff, the Potential Opt- Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class.

At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Non-Exempt Employees

21. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class are current or former non-exempt employees of Defendants who were paid on an hourly basis and not paid overtime compensation for all hours worked in excess of forty (40) in one workweek.

22. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class frequently worked more than forty(40) hours in a single workweek entitling them to overtime compensation under the FLSA and Ohio wage-and-hour statutes.

### Defendants' Failure to Pay Overtime Compensation

23. The FLSA, and Ohio law required Defendants to pay overtime compensation to its Home Health Aids.

24. Defendants unlawfully failed to pay overtime compensation to its Home Health Aids.

25. Defendants knew, or showed reckless disregard for whether, Plaintiff, the Potential Opt-Ins, and the Ohio Class was entitled to overtime pay under state and/or federal law.

### COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

28. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All present and former Home Health Aids employed by Defendants during the period three years preceding the commencement of this action to the present who were not paid overtime compensation for all hours worked in excess of forty (40) in one workweek.

29. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for hours worked in excess of forty (40) in one, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

31. The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

32. Plaintiff incorporates by reference the foregoing allegations as if fully

rewritten herein.

33. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former Home Health Aids employed by Defendants during the period two years preceding the commencement of this action to the present who were not paid overtime compensation for all hours worked in excess of forty (40) in one workweek.

34. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members is unknown but, upon information and believe, exceeds 200 employees. The exact number of class members as well as their identities are ascertainable from the payroll records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

35. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendants' failure to pay Plaintiff and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?
>
> Whether Defendants kept adequate records of the hours worked by Plaintiff and the other class members?

36. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and

6

are based on the same legal theories, as the claims of other class members.

37. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

38. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. §

216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

42. The FLSA requires that Defendants' Home Health Aids receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

43. Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

44. Defendants failed to pay the overtime compensation to Plaintiff and the Potential Opt-Ins.

45. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

46. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins who may

join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

49. At all times relevant, Defendants was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

50. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its Home Health Aids.

51. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

52. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

- Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

- Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

- Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

- Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

and

- Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

Nilges Draher LLC

*/s/ Christopher J. Lalak*
Christopher J. Lalak (0090079)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: 216.230.2955
Email: clalak@ohlaborlaw.com

Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: 330.470.4428
Email: hans@ohlaborlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*