IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANNETTE MITCHELL, on behalf of herself and others similarly situated | ) ) ) | CASE NO. 4:19-cv-01005 |
| Plaintiff, | ) ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) ) | |
| ACCORD HOME SERVICES, LLC, et al. | ) ) | **JOINT MOTION FOR ORDER APPROVING SETTLEMENT** |
| Defendants. | ) ) | **AGREEMENT AND DISMISSING CASE WITH PREJUDICE** |

Plaintiff Annette Mitchell and Defendants Accord Home Services, LLC and Robert Carr have entered into a Settlement and Release Agreement ("Settlement Agreement") of the claims set forth in Plaintiff's complaint. As set forth herein, the terms of the settlement provide that Defendants will establish a fund from which Plaintiff and eligible similarly situated employees (the "Settlement Group Members") will receive notice of such fund and may participate in same in exchange for releasing their wage and hour claims.

The Parties hereby move this Court for an order approving the terms reflected in the Settlement, authorizing notice to the Settlement Group Members informing them of their opportunity to participate in the Settlement, dismissing the case with prejudice, and retaining jurisdiction to enforce the terms of the Settlement.

The Parties respectfully submit that the Settlement Agreement is fair and reasonable, and thus satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved through diligent and thorough negotiations between the Parties' counsel. If approved by the Court, the Settlement Agreement will provide a reasonable settlement payment to Plaintiff and the Settlement Group Members by providing for payment in the amount of 100% of all overtime owed

1

arising in the three years preceding the commencement of this Lawsuit, as well as 100% of the liquidated damages owed in the two years preceding the commencement of this lawsuit. In support of this Motion, the Parties submit the following exhibits:

- The Settlement Agreement with exhibits is attached hereto as composite **Exhibit A**;
- A Proposed Notice to Settlement Group Members is attached hereto as **Exhibit B**;
- The Declaration of Christopher J. Lalak is attached hereto as **Exhibit C**; and
- A Proposed Order Approving the Settlement Agreement and Dismissing this Action with Prejudice is attached hereto as **Exhibit D**.

I. **THE ACTION AND SUBSEQUENT NEGOTIATIONS.**

On May 3, 2019, the Representative Plaintiff filed this Action on behalf of herself and all others similarly situated. (ECF No. 1). Representative Plaintiff's Complaint alleged that Defendants failed to pay her and other similarly-situated employees for all required overtime compensation at the rate of one and one-half times the regular rate of pay for all of the hours they worked over 40 each workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio law. (*Id.*). On May 31, 2019, Defendants filed their Answer, denying Plaintiff's allegations and asserting affirmative defenses in response to Plaintiff's claims. (ECF No. 4).

On November 26, 2019, the Parties filed a Stipulated Motion for Class Certification, Due Diligence Exchange, and Mediation with the Court. (ECF No. 21). The Court entered an Order approving same on December 11, 2019. (ECF No. 22). Pursuant to the terms of that Order, the Parties engaged in a due diligence exchange and engaged in settlement discussions. (Lalak Decl.

at ¶ 10). As a result of these settlement discussions the Parties reached an agreement to resolve the claims alleged in the Complaint. (*Id.*)

II.     **THE SETTLEMENT TERMS.**

The Total Settlement Payment of $16,716.96 shall be made as outlined in the Settlement Agreement, to be distributed as follows:

- To the Settlement Group Members, individual payments in the total amount of $6,209.74. This amount represents 100% of the alleged unpaid overtime due the Settlement Group Members from the three years preceding the commencement of this Action, in addition to 100% of the alleged liquidated damages arising in the two years preceding the commencement of the Action.

- To the Named Plaintiff, (in addition to her individual payment), a service payment of $500.00, to compensate her for her time and participation in representing the Settlement Group Members in bringing the claims, participating in the investigation, discovery, and settlement process.

- To Plaintiff's Counsel, a total of $10,007.22 representing attorneys' fees and expenses incurred by counsel in the investigation and initiation of this action, settlement discussions, finalization of the settlement, and administration of the settlement.

Should any Settlement Group Members decline to participate in the settlement, the unclaimed portion of the settlement fund will revert to Defendants, and such non-participating Settlement Group Member shall not be deemed to have released his or her respective claims. The Parties now seek this Court's approval of this Settlement; approval of a service payment to Named Plaintiff; approval of Plaintiff's Counsel's request for attorneys' fees, costs, and expenses; and authorization to send the proposed notices to Potential Opt-In Plaintiffs.

III.    **THE SETTLEMENT IS FAIR AND REASONABLE.**

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated to recover unpaid minimum wages, unpaid overtime compensation, and an additional equal amount as liquidated damages. The Parties agree that Plaintiff's claims are representative of the Settlement Group Members.

Settling parties routinely seek judicial approval of a proposed Settlement to ensure fairness and to give effect to the FLSA releases. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982) (approving FLSA settlement). In Ohio, district courts consider whether a bona fide dispute exists and whether the settlement, as well as the distribution of the settlement proceeds to plaintiffs, service awards, and attorneys' fees and costs are fair and reasonable. *See Dillworth v. Case Farm Processing, Inc.*, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010). The law favors compromise and settlement of class and collective action lawsuits. *See Swiggart v. Fifth Third Bank*, 2014 U.S. Dist. LEXIS 94450, * 11 (S.D. Ohio July 11, 2014).

The Parties respectfully submit that Court approval is warranted here. The payment to Plaintiff and the Settlement Group Members is fair, reasonable, and adequate as it provides for 200% payment or more of the unpaid overtime owed to each of the Settlement Class Members in two years preceding the filing of the lawsuit, and 100% of the unpaid overtime for each of the settlement Class Members in the preceding third year prior to the commencement of the lawsuit. Accordingly, the portion of the settlement allocated to Plaintiff's claims represents the full amount or more of what Plaintiff and the Settlement Group Members would have recovered in the event that Plaintiff prevailed in the Action. Plaintiff's request for attorney's fees and costs is also reasonable, and has been incorporated into the settlement agreed upon by the Parties.

Similarly, in light of Representative Plaintiff's assistance in the prosecution of this case beyond that of the class members, the proposed service payment of $500.00 is justified. *See In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997). Finally, Plaintiff's attorneys' fees have also been considered in the settlement, as a portion of the settlement has been allocated for same. Given these considerations, the settlement proceeds are fair, reasonable, and adequate.

## IV. CONCLUSION.

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement Agreement and dismiss this Action with prejudice pursuant to its terms. Furthermore, the Parties respectfully request that this Court retain jurisdiction to enforce the Parties' Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| NILGES DRAHER LLC | HENDERSON, COVINGTON, MESSENGER, NEWMAN & THOMAS CO., L.P.A. |
| */s/ Christopher J. Lalak* <br> Christopher J. Lalak (0090079) <br> 614 W. Superior Ave., Ste. 1148 <br> Cleveland, OH 44113 <br> Phone: 216.230.2955 <br> clalak@ohlaborlaw.com <br><br> Hans A. Nilges (#0076017) <br> 7266 Portage St., N.W., Ste. D <br> Massillon, OH 44646 <br> Phone: 330.470.4428 <br> hans@ohlaborlaw.com <br> *Attorneys for Plaintiffs* | */s/ Jerry R. Krzys* <br> Jerry R. Krzys (0078013) <br> Richard J. Thomas (0038784) <br> 6 Federal Plaza Central, Suite 1300 <br> Youngstown, OH   44503 <br> Phone:  330.744.1148 / Fax:  330.744.3807 <br> jkrzys@hendersoncovington.com <br> rthomas @hendersoncovington.com <br> *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 5th, 2020 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's Filing System.

/s/ Christopher J. Lalak
*Attorney for Plaintiffs*

5